**SEALED BY ORDER OF COURT**

E-filing

**No.**

**CR 16    00047    HRL**

EJD FILED

FEB 04 2016

CLERK, SUSAN Y. SOONG
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

### THE UNITED STATES OF AMERICA

#### *vs.*

JONATHAN CHANG, aka "RuWu Charng," and
GRACE CHANG, aka "Wei-Lin Chang"

## INDICTMENT

**See Attachment.**

*A true bill.*

*Foreperson*

*Filed in open court this* ___4___ *day of* Februay

*A.D. 2016*

DOCUMENT NO.

1

UNITED STATES MAGISTRATE JUDGE

**Bail. $** no bail arrest warrants as to both defendants.

**ATTACHMENT TO INDICTMENT COVER**

**U.S.**

**v.**

**JONATHAN CHANG**
**aka "RuWu Charng," and**
**GRACE CHANG**
**aka "Wei-Lin Chang"**

<u>COUNT ONE</u>:        18 U.S.C. § 1349 – Conspiracy to Commit Wire or Mail Fraud

<u>COUNT TWO THROUGH FIVE</u>:    18 U.S.C. § 1343 - Wire Fraud

<u>COUNT SIX</u>:  18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

<u>COUNT SEVEN THROUGH NINE</u>:21 U.S.C. § 1956(a)(1)(B)(i)  – Money Laundering

SEALED BY ORDER OF COURT

FILED

E-filing

FEB 04 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16 00047 EJD HRL |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting; 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering; 18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture |
| v. | |
| JONATHAN CHANG, a/k/a "RuWu Charng," and GRACE CHANG, a/k/a "Wei-Lin Chang," | |
| Defendants. | SAN JOSE VENUE |

## INDICTMENT

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment, unless otherwise indicated:

1.   Defendant JONATHAN CHANG, a/k/a "RuWu Charng," was a member and designated "elder" of Home of Christ 4 (hereafter, "HOC4"), a Christian church located in Saratoga, California, in the Northern District of California.

2.   As part of JONATHAN CHANG's role as elder at HOC4, he had responsibility for managing HOC4's finances from in or about 2001 or 2002 until 2011.

1

INDICTMENT

3. Defendant GRACE CHANG, a/k/a/ Wei-Lin Chang, is married to JONATHAN CHANG and assists him with his written correspondence and other daily tasks.

4. In or about August 2004, JONATHAN CHANG established Home of Christ Associates LLC (hereafter, "HOC Associates LLC"). HOC Associates LLC is not a registered charitable organization. In or about October 2004, JONATHAN CHANG also established Home of Christ Associates, Inc. (hereafter, "HOC Associates, Inc."). HOC Associates, Inc. is a registered 501(c)(3) charitable organization. HOC Associates LLC and HOC Associates, Inc. are hereafter collectively referred to as "HOCA." JONATHAN CHANG and GRACE CHANG together control HOCA.

5. Since in or about January 2005, HOC4 has been located at 20548 Lomita Avenue, Saratoga, California. Prior to January 2005, HOC4 had been located at 6345 Janary Way, San Jose, California.

6. HOCA is not affiliated with HOC4.

7. C.W. is a foreign philanthropist with prior connections to HOC4. In approximately 1996, C.W. began making donations specifically to HOC4 through a charitable foundation under C.W.'s control. In or about January 2002, C.W. began making regular donations to HOC4 in the amount of $20,000 per month.

8. Neither C.W. nor C.W.'s charitable foundation is affiliated with HOCA.

### THE SCHEME AND ARTIFICE TO DEFRAUD

9. As set forth more fully below, in or about September 2004 through in or about January 2016, in the Northern District of California and elsewhere, the defendants,

JONATHAN CHANG and
GRACE CHANG,

engaged in a scheme to defraud C.W. and HOC4 by utilizing HOCA to solicit donations and short-term loans from C.W., as well as obtain money and real property from HOC4.

10. As part of the scheme to defraud, JONATHAN CHANG and GRACE CHANG conspired with each other to falsely represent to C.W. that HOCA was a foundation affiliated with HOC4 in order to solicit donations and loans from C.W. for the stated purpose of supporting HOC4 in its efforts to acquire a new building for worship and to expand its ministries and missions.

11. JONATHAN CHANG, through email and other means, made specific false and misleading

2

INDICTMENT

representations to C.W., and agents for C.W., which caused C.W. to mistakenly believe that HOCA was acting on behalf of and for the benefit of HOC4, when in truth and fact, HOCA was in no way affiliated with HOC4 and was controlled exclusively by JONATHAN and GRACE CHANG.

12.   To perpetrate and conceal their scheme to defraud, JONATHAN CHANG directed C.W.'s representatives to change the wire instructions of regular $20,000 monthly donations which had been previously directed to HOC4 bank accounts to HOCA bank accounts controlled by and for the exclusive use of JONATHAN CHANG and GRACE CHANG.  When questioned about this request, JONATHAN CHANG made the false representation to C.W.'s representative that the HOCA account was a church account.

13.   From in or about October 2004 until 2011, C.W.'s charitable foundation provided regular electronic payments of between $15,000 and $20,000 to Wells Fargo bank accounts controlled by JONATHAN CHANG and GRACE CHANG in the name of HOC Associates, Inc.   In total, entities not affiliated with HOC4 but controlled exclusively by and for the benefit of JONATHAN CHANG and GRACE CHANG received a combined total of $1,536,000 in regular monthly donations from C.W.'s foundation that had been intended for HOC4 and its ministry.

14.   As a further part of the scheme to defraud, in or about October 2004, JONATHAN CHANG and GRACE CHANG conspired to solicit from C.W. a $2 million "donation" and a $3 million short-term loan for the stated purpose of assisting HOC4 in its efforts to acquire a new building at a new location.

15.   In reliance on the misleading and materially false information provided to C.W. by JONATHAN CHANG, in or about October 5, 2004, C.W. authorized and paid $2 million as a donation and $3 million as a loan to bank accounts controlled by JONATHAN CHANG and GRACE CHANG in the name of HOCA.  JONATHAN CHANG and GRACE CHANG did not inform HOC4 or any of its representatives of the nature or existence of either C.W.'s donation or loan.

16.   Unaware of the existence of either the $2 million donation or $3 million loan which C.W. had provided several months earlier for the express purpose of allowing HOC4 to purchase a new property, HOC4 purchased the property located at 20548 Lomita Avenue, Saratoga, California in or about January 2005, for $3.9 million, using short-term loans provided by other church members, to be paid off

3

INDICTMENT

following the sale of the existing HOC4 property located at Janary Way.

17.    As a further part of the scheme to defraud, JONATHAN CHANG and GRACE CHANG conspired with each other to represent to HOC4 that HOCA was a charitable foundation connected with C.W., when in truth and fact, HOCA was not affiliated with C.W. or any of C.W.'s charitable foundations.

18.    To further perpetrate and conceal their scheme to defraud, JONATHAN CHANG and GRACE CHANG referred to both HOCA and C.W.'s charitable foundation as "the foundation." Based on JONATHAN CHANG and GRACE CHANG's single use of the term "foundation," HOC4 leadership believed HOCA was affiliated with C.W.'s foundation.

19.    As further part of the scheme to defraud, JONATHAN CHANG and GRACE CHANG conspired with each other to misappropriate funds from HOC4 to HOCA. In or about March 2005, JONATHAN CHANG instructed a volunteer bookkeeper at HOC4 to wire transfer a total of $892,793.45 to HOC Associates, Inc. The bookkeeper also believed HOCA was affiliated with HOC4.

20.    In reliance on the misleading and materially false information from JONATHAN CHANG and GRACE CHANG, in or about July 2005, HOC4 agreed to sell its new church facility located at Lomita Avenue to HOCA for $3.9 million in order to repay the short-term loans from the church families. Under the terms of the sale agreement, HOC4 would to continue to operate the church in the Lomita property subject to a rent-free, 10 year lease, expiring in June 2015, under the ownership and title of HOCA.

21.    In or about June 2015, following the expiration of the lease, JONATHAN CHANG and GRACE CHANG threatened to evict HOC4 from the property located at Lomita Ave and began charging HOC4 $10,000 a month in rent for the church to remain in the property.

22.    Between in or about September 2004 through in or about January 2016, JONATHAN CHANG and GRACE CHANG obtained a total of approximately $7.4 million in funds from C.W. and HOC4 which were intended for HOC4's use and control.

COUNT ONE:    18 U.S.C. § 1349 (Wire Fraud Conspiracy)

23.    Paragraphs 1 through 22 are re-alleged and incorporated as if fully set forth here.

4

INDICTMENT

24. From at least in or about August 2004 through in or about January 2016, in the Northern District of California and elsewhere, the defendants,

JONATHAN CHANG and
GRACE CHANG,

did knowingly and intentionally conspire to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by material omissions of fact, and for the purpose of executing such scheme and artifice, to transmit and to cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

COUNTS TWO – FIVE:  18 U.S.C. §§ 1343 and 2 (Wire Fraud)

25.    Paragraphs 1 through 22 are re-alleged and incorporated as if fully set forth here and in each of Counts Two through Five, below.

26.    On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

JONATHAN CHANG and
GRACE CHANG,

for the purpose of executing a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and omissions, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, and signals, as set forth further below:

| Count | Date | Initiated From | To | Description |
|-------|------|----------------|-----|-------------|
| TWO | 02/11/2011 | TAIWAN | CALIFORNIA | Wire transfer in the amount of $15,975 from C.W.'s charitable foundation to HOC Associates, Inc.'s Wells Fargo Account *7117 |

5

INDICTMENT

| THREE | 03/22/2011 | TAIWAN | CALIFORNIA | Wire transfer in the amount of $15,975 from C.W.'s charitable foundation to HOC Associates, Inc.'s Wells Fargo Account *7117 |
|-------|------------|--------|------------|------|
| FOUR | 04/12/2011 | TAIWAN | CALIFORNIA | Wire transfer in the amount of $15,975 from C.W.'s charitable foundation to HOC Associates, Inc.'s Wells Fargo Account *7117 |
| FIVE | 05/10/2011 | TAIWAN | CALIFORNIA | Wire transfer in the amount of $15,975 from C.W.'s charitable foundation to HOC Associates, Inc.'s Wells Fargo Account *7117 |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT SIX: 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

27. Paragraphs 1 through 22, and the transactions alleged in each of Counts Seven through Nine, are re-alleged and incorporated as if fully set forth here.

28. From in or about August 2004, the exact date being unknown to the Grand Jury, and continuing until in or about January 2016, in the Northern District of California and elsewhere, the defendants,

JONATHAN CHANG and
GRACE CHANG,

did conspire with each other and with others known and unknown to the Grand Jury, to commit an offense against the United States, to wit: knowing that property involved in a financial transaction represented proceeds of some form of unlawful activity, and with property was in fact the proceeds of specified unlawful activity, namely wire fraud, defendants conducted financial transactions knowing that those transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

6

INDICTMENT

COUNTS SEVEN – NINE:  18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering;

29.  Paragraphs 1 through 22 are re-alleged and incorporated as if fully set forth here and in each of Counts Seven through Nine, below.

30.  On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

JONATHAN CHANG and
GRACE CHANG,

knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity, and which property was in fact the proceeds of specified unlawful activity, namely wire fraud and conspiracy to commit wire fraud, conducted the following financial transactions, knowing that those transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity:

| Count | Date | Amount | Monetary Transaction |
|---|---|---|---|
| SEVEN | 03/30/2012 | $ 5,000.00 | Transfer from HOC Associates Inc. Wells Fargo account *7117 to HOCCC's Wells Fargo account *8499. |
| EIGHT | 10/24/2012 | $ 19,000.00 | Transfer from HOC Associates Inc. Wells Fargo account *7117 to HOC Associates Inc. Wells Fargo account *9314. |
| NINE | 10/25/2012 | $ 4,000.00 | International wire transfer from HOC Associates, Inc. Wells Fargo account *9314 to the Taiwan-based HSBC account of RuWu Charng *1406. |

Each in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

FORFEITURE ALLEGATION:  (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c))

31.  Paragraphs 1 through 22 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

7

INDICTMENT

32.    Upon conviction of any of the offenses set forth in Counts 1 through 5 of this Indictment, the defendants,

JONATHAN CHANG and
GRACE CHANG,

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to:

(1) a money judgment in the amount of the gross proceeds derived from the offenses;

(2) 20548 Lomita Ave., Saratoga, CA 95070, Santa Clara County, APN 517-12-029

(3) 2091 Clematis Court, Fremont, CA 94539, Alameda County, APN 519-1452-076

(4) 10656 N. Blaney Ave., Cupertino, CA 95014, Santa Clara County, APN 316-43-022

(5) 6480 Havenside Drive, Sacramento, CA 95831, Sacramento County, APN 030-0111-006

(6) 500 W. Santa Maria Street, Santa Paula, CA  93060, Ventura County, APN 104-0-170-325.

33.    Upon conviction of any of the offenses set forth in Counts 6 through 9 of this Indictment, the defendants,

JONATHAN CHANG and
GRACE CHANG,

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1) any property, real or personal, involved in such offenses.  The property to be forfeited includes, but is not limited to:

(1) a money judgment in the amount of the gross proceeds derived from the offenses;

(2) 20548 Lomita Ave., Saratoga, CA 95070, Santa Clara County, APN 517-12-029

(3) 2091 Clematis Court, Fremont, CA 94539, Alameda County, APN 519-1452-076

(4) 10656 N. Blaney Ave., Cupertino, CA 95014, Santa Clara County, APN 316-43-022

(5) 6480 Havenside Drive, Sacramento, CA 95831, Sacramento County, APN 030-0111-006

(6) 500 W. Santa Maria Street, Santa Paula, CA  93060, Ventura County, APN 104-0-170-325.

34.  If, as a result of any act or omission of the defendant, any of said property:

8

INDICTMENT

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

DATED: 4 Feb 2016

A TRUE BILL

_____
FOREPERSON

BRIAN J. STRETCH
Acting United States Attorney

_____
JEFFREY NEDROW
San Jose Branch Chief

Approved as to form:

_____
AMIE D. ROONEY
Assistant United States Attorney

9

INDICTMENT

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF COURT**

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

See Attachment

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:    See Attachment

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

E-filing

—— DEFENDANT - U.S ——

▶ JONATHAN CHANG, aka "RuWu Charng"

DISTRICT COURT NUMBER

**CR 16 00047**

FILED
FEB 04 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

EJD

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY    ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    AMIE D. ROONEY

—— DEFENDANT ——

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

HRL

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes    ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS    ☐ NO PROCESS*    ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

**ATTACHMENT TO PENALTY SHEET**

**U.S.**
**v.**
**JONATHAN CHANG**
**aka "RuWu Charng," and**
**GRACE CHANG**
**aka "Wei-Lin Chang"**

<u>**Count One**</u> **:** 18 U.S.C. § 1349 – Conspiracy to Commit Wire or Mail Fraud

      <u>Penalties:</u>

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $250,000 |
| Supervised release term | 5 year |
| Special assessment | $100 |

<u>**Counts Two through Five**</u>**:** 18 U.S.C. § 1343 - Wire Fraud

      <u>Penalties:</u>

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $250,000 |
| Supervised release term | 5 years |
| Special assessment | $100 |

<u>**Count Six**</u>**:** 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

      <u>Penalties:</u>

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $500,000 or twice the value of the property involved in the transaction, whichever is greater. |
| Supervised release term | 3 years |
| Special assessment | $100 |

<u>**CountS Seven through Nine:**</u> 21 U.S.C. § 1956(a)(1)(B)(i)  – Money Laundering

      Penalties:

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $500,000 or twice the value of the property involved in the transaction, whichever is greater. |
| Supervised release term | 5 years |
| Special assessment | $100 |



SEALED BY ORDER OF COURT

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                    ☐ SUPERSEDING

**—— OFFENSE CHARGED ——**

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

E-filing

**—— DEFENDANT - U.S ——**

GRACE CHANG, aka "Wei-Lin Chang"

DISTRICT COURT NUMBER

CR 16 00047

EJD
HRL
FILED

**—— PROCEEDING ——**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    AMIE D. ROONEY

**DEFENDANT**

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction }  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   ☐ No }  If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**—— ADDITIONAL INFORMATION OR COMMENTS ——**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:              Before Judge:

Comments:

**ATTACHMENT TO PENALTY SHEET**

**U.S.**
**v.**
**JONATHAN CHANG**
**aka "RuWu Charng," and**
**GRACE CHANG**
**aka "Wei-Lin Chang"**

**Count One :** 18 U.S.C. § 1349 – Conspiracy to Commit Wire or Mail Fraud

    Penalties:

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $250,000 |
| Supervised release term | 5 year |
| Special assessment | $100 |

**Counts Two through Five:** 18 U.S.C. § 1343 - Wire Fraud

    Penalties:

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $250,000 |
| Supervised release term | 5 years |
| Special assessment | $100 |

**Count Six:** 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

    Penalties:

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $500,000 or twice the value of the property involved in the transaction, whichever is greater. |
| Supervised release term | 3 years |
| Special assessment | $100 |

**CountS Seven through Nine:** 21 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering

    Penalties:

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $500,000 or twice the value of the property involved in the transaction, whichever is greater. |
| Supervised release term | 5 years |
| Special assessment | $100 |

