UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     The Government,<br><br>v.<br><br>JONATHAN CHANG a/k/a/ RuWu Chang & GRACE CHANG a/k/a Wei-Lin Chang ,<br><br>     Defendant. | Case No. 5:16-cr-00047-EJD-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPRESS**<br><br>Re: Dkt. No. 90 & 93 |

Presently before the Court is Defendant Jonathan Chang and Defendant Grace Chang's Motion to Suppress.  Dkt. Nos. 90, 93.  The Court has reviewed the relevant documents and pertinent law, and heard oral arguments. The Court orders Category Ten from Attachment B of the search warrant ("Category Ten") be severed and any evidence collected solely under Category 10 to be suppressed, but otherwise denies the motion.  Dkt No. 90-1 at 7.[1]

I.      **DISCUSSION**

A.      Overbreadth

Under the Fourth Amendment search warrants must be specific.  Specificity involves two aspects: particularity and breadth.  United States v. Towne, 997 F.2d 537, 544 (9th Cir. 1993) (quoting In re Grand Jury Subpoenas Dated December 10, 1987, 926 F.2d 847, 856-57 (9th Cir. 1991).  Particularity requires the warrant to clearly state what is being sought.  Id.  Breadth requires the scope of the warrant to be limited by the probable cause on which the warrant is based.  Id.

---

[1] Pincites refer to the ECF page number.

Here, Category Ten is overbroad and violates the Fourth Amendment. Dkt No. 90-1 at 7. Category Ten would allow the police to seize "[a]ll records, documents, and materials, including correspondence, related to any of the following individuals: Jonathan CHANG and Weilin CHANG." Id. Defendants argue that this language would allow the seizure of every item in their home. Dkt. No. 93 at 13-14. The Government cites United States v. McLaughlin, 851 F.2d 283, 286 (9th Cir. 1988), in its opposition to argue that the language of Category Ten cannot be reasonably interpreted to extend to every record or document in Defendants' home. Dkt. No. 97 at 13. In McLaughlin, a portion of the warrant describing evidence to be seized was poorly drafted, but the Ninth Circuit found that it should have been understood in the broader context of the entire warrant, which would provide sufficient particularity. Id. The Government argues that here Category Ten should be interpreted in relation to Attachment B as a whole. Dkt. No. 93 at 13. However, the facts in this case are distinguishable from McLaughlin. This case is more similar to United States v. Spilotro, 800 F.2d 959, 964-65 (9th Cir. 1986), where the court rejected a warrant for lack of particularity because the government had sufficient information to narrow the description of items but did not do so. Likewise here, the Government could have narrowed Category Ten to evidence related to the alleged financial fraud. The Court also finds that Category Ten exceeds the probable cause established by the affidavit. See United States v. SDI Future Health, Inc., 568 F.3d 684, 705 (9th Cir. 2009) (finding several categories from the search warrant to be overbroad). "[P]robable cause does not exist to seize all items of those particular types" listed in Category Ten. Id. at 703 (quotation and alteration omitted).

B. Good Faith Exception

While Category Ten is overbroad, the Government might still find relief under the good faith exception. A good faith exception to the exclusionary rule may exist when officers rely on the search warrant in an "objectively reasonable manner." Id. at 706. The good faith exception may apply even where, as here, a warrant is, at least in part, defective and it does not incorporate the supporting affidavit. Id. For the exception to apply, the Government must show that the

officers involved in the search actually relied on the unincorporated affidavit.  Id.

However, here the Government has not made this showing.  There is nothing in the record to indicate that the affidavit was in-hand during the search and there is nothing showing that the agents relied on the affidavit when determining which items were properly within the search warrant.  The good faith exception does not apply.

C.     Partial Severance

Having concluded that Category Ten is overbroad and that no exception rescues it from suppression, the Court now considers the appropriate remedy.  The doctrine of severance allows a court to strike those portions of that warrant that are invalid, while preserving the portions that satisfy the Fourth Amendment.  United States v. Gomez-Soto, 723 F.2d 649, 654 (9th Cir. 1984).  Only those articles seized pursuant to the invalid portions need to be suppressed.  Id.  However, severance or partial suppression is not allowed "when the valid portion of the warrant is a relatively insignificant part of an otherwise invalid search."  United States v. Kow, 58 F.3d, 428 (9th Cir. 1995).

Here, the violative category is one of twenty-two separate categories and can be partially suppressed.  This is a case in which the invalid categories are not the "lion's share" of the search warrant.  SDI Future Health, 568 F.3d at 707.  Thus, partial suppression is appropriate.

II.     ORDER AND CONCLUSION

Category Ten is severed and any evidence seized under Category Ten, but no other category, shall not be introduced at trial.

**IT IS SO ORDERED.**

Dated: July 1, 2019

EDWARD J. DAVILA
United States District Judge