JULIA M. JAYNE (State Bar No. 202753)
E-Mail: *julia@jaynelawgroup.com*
JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, CA 94607
Telephone: (415) 623-3600
Facsimile: (415) 623-3605

Attorneys for Defendant JONATHAN CHANG

CHRISTOPHER J. CANNON, State Bar No. 88034
E-Mail: chris@sugarmanandcannon.com
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: (415) 362-6252
Facsimile: (415) 362-6431

Attorneys for Defendant WEILIN CHANG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN CHANG & WEILIN CHANG<br><br>Defendants. | Case No. 16-cr-00047 EJD<br><br>**DEFENDANTS JONATHAN CHANG AND WEILIN CHANG MOTION IN LIMINE #: MOTION TO EXCLUDE INADMISSIBLE EXHIBITS**<br><br>Pretrial Conference: July 31, 2019<br>Time: 1:30 p.m.<br>Dept: Courtroom 1, 5th Floor<br>Judge: Hon. Edward J. Davila<br><br>Date Filed: July 3, 2019<br><br>Trial Date: August 13, 2019 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on July 31, 2019 or as soon thereafter as this motion may be heard, in the courtroom of the Honorable Edward J. Davila, United States District Court Judge, DEFENDANTS Jonathan Chang and Weilin Chang, will and do jointly make this *motion in limine*

1  for an order excluding the following:

2  • Exhibit 54, "Changs' Purchase of 2013 BMW."

3  • Exhibit 61, "Transcript of meeting."

4  This motion is based upon this Notice, the Federal Rules of Criminal Procedure, the
5  accompanying memorandum of points and authorities, the exhibits served and filed herewith, on
6  the records and files in this action, all applicable law, and any such further argument and evidence
7  as may be presented prior to and during the hearing on this motion.

Dated: July 11, 2019                          Respectfully submitted,

                                              /s/
                                              Julia Jayne
                                              Christopher J. Cannon
                                              Matthew A. Laws
                                              Attorneys for JONATHAN & WEILIN CHANG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Jonathan and Weilin Chang move to exclude the following inadmissible exhibits:

- Exhibit 54, "Changs' Purchase of 2013 BMW."
- Exhibit 61, "Transcript of meeting."

## II. STATEMENT OF RELEVANT FACTS

The parties exchanged and filed exhibit lists on July 3, 2019. The government's exhibit list included Exhibit 54 and Exhibit 61.

Exhibit 54 is a "Retail Installment Sales Contract" for the purchase of a 2013 used Mercedes-Benz, signed on or about September 5, 2015. *See* Attached Exhibit A (Government Exhibit 54, at CHANG-IB24-0112-124).

Exhibit 61 is a purported summary of a recording written by James Cai. Mr. Cai and Lin Guo are plaintiffs in a civil suit filed against the Changs in November 2014. *See* Attached Exhibit B (Government Exhibit 61, at CHANG-000338-346).

On October 23, 2014, Mr. Cai met with the FBI to initiate a criminal investigation against the Changs. Throughout 2014 and 2015, Mr. Cai continued to send emails, documents, and recordings related to the civil suit to FBI Agent Mark Matulich.

On December 30, 2014, Mr. Cai sent Agent Matulich an email "translation of a recording of a meeting with JONATHAN CHANG (CHANG) on 10/12/2014."[1] This "translation" (Government's Exhibit No. 61) is not a certified translation of a recording. Instead, this is a document written by Mr. Cai, a plaintiff in the civil suit against the Changs and not someone on the government's witness list.

## III. ARGUMENT

"The court must conduct a jury trial so that inadmissible evidence is not suggested to the jury." Fed. R. Evid 103(d). As detailed below, Exhibits 54 and 61 fail to satisfy the Federal Rules

---

[1] *See* CHANG-000334.

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

of Evidence's admissibility requirements. Consequently, both exhibits should be excluded.

**A.    "Changs' Purchase of 2013 BMW" is inadmissible and therefore, should be excluded.**

The government describes Exhibit 54 as "Changs' Purchase of 2013 BMW." Gov't. Exhibit List 4, ECF No. 108. As a preliminary matter, this document does not memorialize the "Changs' (p)urchase of (a) 2013 BMW" because this document is a retail installment sale contract for the 2015 purchase of a used Mercedes-Benz.

Further, Exhibit 54 is not relevant. The government alleges that the Changs committed various acts of wire fraud and money laundering, with no allegation that a Mercedes was purchased with illicit funds. This vehicle sales contract does not have a "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). While the government may argue that this contract suggests motive or intent (though this vehicle purchase was *not* the subject of the Government's Rule 404(b) notice), such an argument falls flat considering the paucity of evidence leading to such a conclusion. In short, the document and the vehicle purchase appear to have no relevance to the charges.

Yet even if the Court finds the vehicle contract to have some marginal relevance, its prejudicial value significantly outweighs its probative value. As explained above, the contract has little probative value because it does not "tend to prove the matter sought to be proved." *Id.*, advisory committee's note to Rule 401, 1972 proposed rules. In comparison, the inclusion of the contract is clearly intended to elicit an emotional, visceral response by the jury (i.e., the danger of undue prejudice).

Finally, this exhibit falls squarely into the type of information excluded by the Court's Motion to Suppress Order (the subject of a Motion *in Limine* No. 6 by Defendants).

**B.    "Transcript of meeting" is inadmissible and therefore, should be excluded.**

The government describes Exhibit 61 as a "(t)ranscript of (a) meeting." Gov't. Exhibit List 5, ECF No. 108.

However, this document is not a transcription of a meeting. Instead, Exhibit 61 is an assemblage of hearsay, the construction of which was done by an adverse party in parallel civil

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

litigation.

Exhibit 61 does not fall within any of the Rules' non-hearsay or hearsay exceptions. For example, this document was not "transcribed" as meeting minutes by a records custodian, and the document is missing other indicia of reliability (e.g., when the "transcription" occurred or who transcribed the meeting). The document is merely James Cai's one-sided, selective note-taking from a recording of a church gathering that was almost entirely in Mandarin.[2]

Further, there is no reliable method to authenticate what "meeting" the documents purports to recount. The reader must look to the document's typed-out bold header to learn the date at issue. (e.g., "10.12.14 089").[3]

Additionally, the "transcription" fails to satisfy the Best Evidence Rule. Fed. R. Evid. 1001-1002. First, *if admissible*, the audio or video recording itself would best satisfy Rule 1002 (requiring original recording), though it is unclear who recorded the video, and what steps, if any, were taken to ensure that this video was not altered or corrupted by improper storage. Second, if the government wishes to have the jury follow along with a transcript of a recording, the time-stamped transcript must be prepared, authenticated, and the parties permitted to resolve any disputes in translation or transcription.

### IV.  CONCLUSION

For the reasons stated, Defendants Jonathan and Weilin Chang respectfully request that the court exclude Exhibits 54 and 61 referenced herein.

Dated: July 11, 2019                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　Julia Jayne
　　　　　　　　　　　　　　　　　　　　　Christopher J. Cannon
　　　　　　　　　　　　　　　　　　　　　Matthew A. Laws
　　　　　　　　　　　　　　　　　　　　　Attorneys for Jonathan and Weilin Chang

---

[2] Mr. Cai's translation is also not certified as authentic or from a certified translator.

[3] Exhibit A.

DEFENDANTS' MOTION IN LIMINE, NO. 4                                                    3
Case No. 16-cr-00047 EJD