1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SARAH E. GRISWOLD (CABN 240326)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       FAX: (408) 535-5081
        sarah.griswold@usdoj.gov
8
   Attorneys for United States of America
9
                             UNITED STATES DISTRICT COURT
10
                            NORTHERN DISTRICT OF CALIFORNIA
11
                                     SAN JOSE DIVISION
12

13  UNITED STATES OF AMERICA,            )   Case No. 5:16-cr-47 EJD
                                         )
14          Plaintiff,                   )   STIPULATION AND PROTECTIVE ORDER
                                         )
15      v.                               )
                                         )
16  JONATHAN CHANG,                      )
        a/k/a RuWu Charng,               )
17                                       )
            Defendant.                   )
18                                       )
                                         )
19  _____)

20          With the agreement of the parties, the Court enters the following Protective Order:

21          This case has been remanded to this Court "to conduct proceedings related to newly discovered

22  evidence." ECF No. 315. The United States will produce to defense counsel certain records from the

23  Federal Bureau of Investigation's Office of Professional Responsibility ("OPR records"). The parties

24  have sought a protective order limiting the uses to which the OPR records can be put. The Court finds

25  that there is good cause for issuance of such a protective order. Therefore, IT **IS ORDERED THAT:**

26          1.      The contents of the OPR records shall not be disclosed in any form to any other person

27  by defense counsel except to the client, another attorney for the client, an investigator for the client, an

28  expert retained to assist with the preparation of the defense in the captioned case, or staff person of

PROTECTIVE ORDER

defense counsel and then only for the specific purposes relating to defending the client in this case.

2.     Unless expressly authorized by this Court, no information derived from the OPR records which are the subject of this order including but not limited to the identity of witnesses or complainants, number of complaints, location of any incident or the existence of a complaint, may be disclosed to any individual or entity for any other use, including, for example, any disclosure in any unrelated case or proceeding where the person about whom the OPR records pertain is a witness.

3.     If the OPR records are copied or duplicated in paper or electronically so that authorized persons can possess and review this material as described in paragraph 1, a copy of this protective order must accompany that copy or duplication.

4.     Within ten working days of the final judgment or other final disposition of the instant case, any and all of the OPR records released under this Order and any copies made shall be returned to the United States Attorney's Office or the Federal Bureau of Investigation whether or not a specific request has been made for the return of said documents.  No information derived from the disclosed OPR records may be used for any subsequent purpose or retained in any form including any database or files.

5.     This Order applies to all attorneys associated with the above case who have knowledge of this Order regardless of the nature of their involvement in the case.

6.     All persons who come into possession of the OPR records disclosed pursuant to this Order are required to advise any other persons receiving disclosure of any of the OPR records of the terms of this Order.

7.     A willful violation of this Order shall constitute a criminal contempt of Court for which sanctions are provided by law.  The parties who agree to receive information which is subject to this Order agree that this Court has jurisdiction to enter this Order.

Dated: ___July 19, 2021__

EDWARD J. DAVILA
United States District Judge

By signing below, defense counsel acknowledges the terms of this protective order and

undertakes the obligation to disclose the existence and terms of this Order to any other person who is authorized to receive the OPR records, including the defendant, investigators, experts, staff and subsequent attorneys authorized to represent the defendant.

Dated: July 19, 2021 /s/
JULIA JAYNE
Counsel for Jonathan Chang

Dated: July 19, 2021 /s/
SCOTT A. SUGARMAN
Counsel for Jonathan Chang

STEPHANIE M. HINDS
Acting United States Attorney

Dated: July 19, 2021 /s/
SARAH E. GRISWOLD
Assistant United States Attorney